825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Martin LEVINE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew Paul LEVINE, Defendant-Appellant.
 Nos. 87-5009(L), 87-5010
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided July 30, 1987.
 
 Frank Anthony Rubino, Robert Thomas Hargett (Herman E. Gaskins, Jr., on brief), for appellant.
 Thomas Ernest Booth, Department of Justice (Samuel T. Currin, United States Attorney, on brief), for appellee.
 Before HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Levine and Andrew Levine were indicted along with thirty-six other individuals for their participation in an international drug sumggling operation. They were convicted on one count of importing marijuana in violation of 21 U.S.C. Sec. 952(a), and each received a five-year sentence.
 
 
 2
 The Levines now appeal their convictions.* They claim that the evidence presented by the government was insufficient to sustain their convictions. Finding no error, we affirm.
 
 I.
 
 3
 The Levines, working with a Detroit smuggling organization, were indicted for their participation in an attempt to smuggle marijuana into the United States from Colombia, South America. On November 15, 1982, the group received delivery of 30,000 pounds of marijuana when their fishing boat, the Bobby M, landed near Morehead City, North Carolina.
 
 
 4
 At trial, the evidence showed that the Levines acted as security guards during the Bobby M venture. In this capacity, they attended a security briefing shortly before the vessel arrived. The purpose of the meeting was to dispense escape money for use in case of a raid and to make sure that the security guards were equipped with hand-held radios. The Levines later participated in a radio check in preparation for the Bobby M's landing. The evidence also showed that, during the unloading operation, the Levines served as lookouts at pre-arranged locations and maintained radio contact with other security personnel. At the close of the trial, the jury returned verdicts of guilty.
 
 II.
 
 5
 Appellants contend that 'there was no evidence to show or prove that [they] participated in the alleged importation of marijuana.' Taking all reasonable inferences in a light most favorable to the government, we hold that substantial evidence supports the jury's verdict in this case. We therefore affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Patrick M. Riley was charged with various counts in the same indictment, and he was originally part of this appeal (Docket No. 87-5008). While the case was under submission in this court, however, Riley moved for a voluntary dismissal of his appeal. His motion was unopposed, and the appeal was dismissed, with prejudice, by this court